**Ebrahima BANGURA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72767.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Rachel Effron, Esq., Kuck Casablanca LLC, Atlanta, GA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Ebrahima Bangura, a native and citizen of Sierra Leone, petitions for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The government contends that we should strike the portions of the petitioner's brief citing to and relying on material that was not part of the administrative record. Because our review is limited to the administrative record underlying the BIA's decision, we agree. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004).

Substantial evidence supports the BIA's finding that Bangura testified inconsistently as to who killed his parents, and whether or not he was beaten while detained by the rebels. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir. 1997). Because these issues go to the heart of Bangura's claim, the adverse credibility determination is supported by substantial evidence. *See Li,* 378 F.3d at 962. Accordingly, Bangura's contentions

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

regarding past persecution, well-founded fear of future persecution and humanitarian asylum fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Bangura failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See id.*

**PETITION FOR REVIEW DENIED.**